```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

   MARCIA P.,

                         Plaintiff,   1:21-cv-12697-NLH

   v.                                 OPINION

   COMMISSIONER OF SOCIAL
   SECURITY,[1]

**APPEARANCES:**

PAUL HOWARD YOUNG
YOUNG, MARR, MALLIS & DEANE, LLC
3554 HULMEVILLE RD.
SUITE 102
BENSALEM, PA 19020

   *On behalf of Plaintiff*


MELISSA KAY CURRY
SOCIAL SECURITY ADMINISTRATION
OFFICE OF THE GENERAL COUNSEL
300 SPRING GARDEN STREET
6TH FLOOR
PHILADELPHIA, PA 19123

   *On behalf of the Commissioner*


**HILLMAN**, District Judge

   This matter comes before the Court pursuant to Section

205(g) of the Social Security Act, as amended, 42 U.S.C. §

405(g), regarding Plaintiff's application for Disability

---

[1] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration.

Insurance Benefits ("DIB")[2] under Title II of the Social Security Act. 42 U.S.C. § 423, et seq. It is also before the Court under § 1614(a)(3)(A) of the Social Security Act, as amended 42 U.S.C. § 1382c(a)(3)(A), regarding Plaintiff's application for supplemental security income ("SSI")[3] under Title XVI of the Social Security Act. 42 U.S.C. § 1381 et seq. The issue before the Court is whether the Administrative Law Judge ("ALJ") erred in finding that there was "substantial evidence" that Plaintiff was not disabled at any time since her alleged onset date of disability, January 1, 1994. For the reasons stated below, this Court will affirm that decision.

I.   BACKGROUND AND PROCEDURAL HISTORY

On March 20, 2019, Plaintiff protectively filed an application for SSI, alleging that she became disabled on January 1, 1994. (R. at 12). Thereafter, on April 11, 2019, Plaintiff protectively[4] filed an application for DIB, alleging

---

[2] DIB is a program under the Social Security Act to provide disability benefits when a claimant with a sufficient number of quarters of insured employment has suffered such a mental or physical impairment that the claimant cannot perform substantial gainful employment for at least twelve months. 42 U.S.C. § 423 et seq.

[3] Supplemental Security Income is a program under the Social Security Act that provides supplemental security income to individuals who have attained age 65, or are blind or disabled. 42 U.S.C. § 1381 et seq.

[4] A protective filing date marks the time when a disability applicant made a written statement of his or her intent to file

2

the same onset date as in her SSI application. (Id.)  Plaintiff claims that she cannot work because of her impairments of Charcot-Marie Tooth disease, bilateral carpal tunnel syndrome and bilateral hearing loss.[5]  (ECF 11 at 4).

Plaintiff's claim was denied initially and upon reconsideration.  (R. at 12).  Plaintiff requested a hearing before an ALJ, which was held on November 4, 2020.  (Id.)  On November 16, 2020, the ALJ issued an unfavorable decision.  (Id. at 24).  Plaintiff's Request for Review of Hearing Decision was denied by the Appeals Council on April 23, 2021, making the ALJ's decision final.  (Id. at 1).  Plaintiff brings this civil action for review of the Commissioner's decision.

## II. DISCUSSION

### A.   Standard of Review

Under 42 U.S.C. § 405(g), Congress provided for judicial review of the Commissioner's decision to deny a complainant's application for social security benefits.[6]  Ventura v. Shalala,

---

for benefits.  That date may be earlier than the date of the formal application and may provide additional benefits to the claimant.  See SSA Handbook 1507; SSR 72-8.

[5] On the alleged onset date, Plaintiff was 25 years old, which is defined as a "younger person" (age 49 and under).  20 C.F.R. § 404.1563.

[6] The standard for determining whether a claimant is disabled is the same for both DIB and SSI. See Rutherford v. Barnhart, 399 F.3d 546, 551 n.1 (3d Cir. 2005) (citation omitted).  DIB regulations are found at 20 C.F.R. §§ 404.1500-404.1599, and the

3

55 F.3d 900, 901 (3d Cir. 1995).  A reviewing court must uphold the Commissioner's factual decisions where they are supported by "substantial evidence."  42 U.S.C. §§ 405(g), 1383(c)(3); Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001); Sykes v. Apfel, 228 F.3d 259, 262 (3d Cir. 2000); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992).  Substantial evidence means more than "a mere scintilla."  Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. V. NLRB, 305 U.S. 197, 229 (1938)).  It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Id.  The inquiry is not whether the reviewing court would have made the same determination, but whether the Commissioner's conclusion was reasonable.  See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).

    A reviewing court has a duty to review the evidence in its totality.  See Daring v. Heckler, 727 F.2d 64, 70 (3d Cir. 1984).  "[A] court must 'take into account whatever in the record fairly detracts from its weight.'" Schonewolf v.

---

parallel SSI regulations are found at 20 C.F.R. §§ 416.900-416.999, which correspond to the last two digits of the DIB cites (e.g., 20 C.F.R. § 404.1545 corresponds with 20 C.F.R. § 416.945).  The Court will provide citations only to the DIB regulations. See Carmon v. Barnhart, 81 F. App'x 410, 411 n.1 (3d Cir. 2003) (explaining that because "[t]he law and regulations governing the determination of disability are the same for both disability insurance benefits and [supplemental security income]," "[w]e provide citations only to the regulations respecting disability insurance benefits").

Callahan, 972 F. Supp. 277, 284 (D.N.J. 1997) (quoting Willbanks v. Secretary of Health & Human Servs., 847 F.2d 301, 303 (6th Cir. 1988) (quoting Universal Camera Corp. V. NLRB, 340 U.S. 474, 488 (1951)).

The Commissioner "must adequately explain in the record his reasons for rejecting or discrediting competent evidence." Ogden v. Bowen, 677 F. Supp. 273, 278 (M.D. Pa. 1987) (citing Brewster v. Heckler, 786 F.2d 581 (3d Cir. 1986)).  The Third Circuit has held that an "ALJ must review all pertinent medical evidence and explain his conciliations and rejections." Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 122 (3d Cir. 2000). Similarly, an ALJ must also consider and weigh all the non-medical evidence before him.  Id. (citing Van Horn v. Schweiker, 717 F.2d 871, 873 (3d Cir. 1983)); Cotter v. Harris, 642 F.2d 700, 707 (3d Cir. 1981).

The Third Circuit has held that access to the Commissioner's reasoning is indeed essential to a meaningful court review:

> Unless the [Commissioner] has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.

Gober v. Matthews, 574 F.2d 772, 776 (3d Cir. 1978).  Although

5

an ALJ, as the factfinder, must consider and evaluate the medical evidence presented, Fargnoli, 247 F.3d at 42, "[t]here is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record," Hur v. Barnhart, 94 F. App'x 130, 133 (3d Cir. 2004).  In terms of judicial review, a district court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." Williams, 970 F.2d at 1182.  However, apart from the substantial evidence inquiry, a reviewing court is entitled to satisfy itself that the Commissioner arrived at his decision by application of the proper legal standards.  Sykes, 228 F.3d at 262; Friedberg v. Schweiker, 721 F.2d 445, 447 (3d Cir. 1983); Curtin v. Harris, 508 F. Supp. 791, 793 (D.N.J. 1981).

    **B.**    **Standard for DIB and SSI**

The Social Security Act defines "disability" for purposes of an entitlement to a period of disability and disability insurance benefits as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months.  See 42 U.S.C. § 1382c(a)(3)(A).  Under this definition, a plaintiff qualifies as disabled only if her physical or mental impairments are of such severity that she is not only unable to perform her past

6

relevant work, but cannot, given her age, education, and work experience, engage in any other type of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which she lives, or whether a specific job vacancy exists for her, or whether she would be hired if she applied for work.  42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has promulgated regulations for determining disability that require application of a five-step sequential analysis.  See 20 C.F.R. § 404.1520.  This five-step process is summarized as follows:

1. If the claimant currently is engaged in substantial gainful employment, she will be found "not disabled."

2. If the claimant does not suffer from a "severe impairment," she will be found "not disabled."

3. If the severe impairment meets or equals a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 and has lasted or is expected to last for a continuous period of at least twelve months, the claimant will be found "disabled."

4. If the claimant can still perform work she has done in the past ("past relevant work") despite the severe impairment, she will be found "not disabled."

5. Finally, the Commissioner will consider the claimant's ability to perform work ("residual functional capacity"), age, education, and past work experience to determine whether or not she is capable of performing other work which exists in the national economy.  If she is incapable, she will be found "disabled."  If she is capable, she will be found "not disabled."

20 C.F.R. § 404.1520(b)-(f).  Entitlement to benefits is

7

therefore dependent upon a finding that the claimant is incapable of performing work in the national economy.

This five-step process involves a shifting burden of proof. See Wallace v. Secretary of Health & Human Servs., 722 F.2d 1150, 1153 (3d Cir. 1983). In the first four steps of the analysis, the burden is on the claimant to prove every element of her claim by a preponderance of the evidence. See id. In the final step, the Commissioner bears the burden of proving that work is available for the Plaintiff: "Once a claimant has proved that he is unable to perform his former job, the burden shifts to the Commissioner to prove that there is some other kind of substantial gainful employment he is able to perform." Kangas v. Bowen, 823 F.2d 775, 777 (3d Cir. 1987); see Olsen v. Schweiker, 703 F.2d 751, 753 (3d Cir. 1983).

**C.  Analysis**

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 1, 1994, Plaintiff's alleged onset date, and that she had sufficient insurance coverage through September 30, 1997. (R. at 14). At step two, the ALJ found that Plaintiff's impairments of Charcot-Marie-Tooth disease, bilateral carpal tunnel syndrome, and bilateral hearing loss were severe. (Id.) She also found that Defendant had the non-severe impairments of an anxiety disorder, hypertension, vertigo, restless leg syndrome and osteoarthritis.

8

(Id.)  At step three, the ALJ determined that Plaintiff's impairments individually or in combination with one another did not equal the severity of one of the listed impairments.  (Id. at 16-17).

The ALJ next determined that Plaintiff had the residual functional capacity ("RFC") to perform work at the light level,[7] with certain restrictions.  (Id. at 17).  At steps four and five, the ALJ determined that Plaintiff did not have any past relevant work, but that based on her RFC, she would be able to perform light occupations such as office helper, messenger, or photocopy machine operator.  (Id. at 24).

Plaintiff raises four areas of concern: (1) whether the ALJ erred by not according proper weight to the opinion of Plaintiff's neurologist, Dr. Nangia, (ECF 11 at 6); (2) whether the ALJ posed a faulty hypothetical to the vocational expert (the "VE"), (id. at 7); (3) whether the ALJ erred by failing to consider and apply Medical Vocational Guideline 201.14 under the Sedentary Grid Guidelines, (id. at 8); and (4) whether the ALJ erred by failing to afford due weight to Plaintiff's testimony, (id. at 9).

The Court rejects Plaintiff's first assignment of error.

---

[7] 20 C.F.R. § 404.1567 ("Physical exertion requirements. To determine the physical exertion requirements of work in the national economy, we classify jobs as sedentary, light, medium, heavy, and very heavy.").

9

Plaintiff argues that the ALJ's determination that Dr. Nangia's medical opinion was not consistent with the medical evidence in the record was error. (Id. at 7). Plaintiff pins her argument on the fact that the record contains results for 2019 electromyography and nerve conduct studies for Plaintiff that showed moderate to severe neuropathy consistent with the diagnoses of Plaintiff's severe medical impairments and that those tests were consistent with Dr. Nangia's opinion that Plaintiff had limited functionality. (Id.).

However, Plaintiff's argument does not address the fact that Dr. Nangia and Plaintiff's primary care physician found that Plaintiff had normal strength and muscle tone upon physical examination in 2019. (R. at 20). Plaintiff's argument also ignores the fact that Dr. Nangia's medical notes revealed that Plaintiff was not taking the prescribed medication and wearing the prescribed wrist brace that were meant to assist with her conditions. McTaggart v. Comm'r of Soc. Sec., No. CV 19-8893 (SRC), 2020 WL 2079285, at *4 (D.N.J. Apr. 30, 2020) ("[I]f the frequency or extent of the treatment sought by an individual is not comparable with the degree of the individual's subjective complaints, or if the individual fails to follow prescribed treatment that might improve symptoms, we may find the alleged intensity and persistence of an individual's symptoms are inconsistent with the overall evidence of record.") (quoting SSR

10

16-3p).

The ALJ also explicitly considered that Plaintiff did not take her prescribed medication because of a fear of weight gain which suggested that Plaintiff's symptoms were not as bad as she expressed. (R. at 21 ("The claimant's rationale for not taking this medication further supports the conclusion that her reported symptoms are not as intense or functionally limiting as she alleges.")). The Court may not substitute its reasoning for the ALJ's when their findings are supported by substantial evidence and the Court sees no reason to disturb the weight that the ALJ placed on Dr. Nangia's medical opinion. Williams, 970 F.2d at 1182.

The Court also rejects Plaintiff's contention that the ALJ posed a faulty hypothetical to the VE. Plaintiff contends that the ALJ's hypothetical including "frequent handling and fingering bilaterally," was faulty because it overstated her ability to use her hands. (ECF 11 at 7-8). An ALJ is only required to pose a hypothetical that accurately reflects a claimant's RFC. Harris v. Astrue, 886 F. Supp. 2d 416, 426 (D. Del. 2012) ("The ALJ was not required to accept the VE's testimony that Harris' subjective complaints, if fully credible, would preclude employment because, as discussed, those complaints were not supported by the evidence as a whole."); Bartmas v. Colvin, No. CV 15-854, 2016 WL 3197973, at

11

*4 (W.D. Pa. June 9, 2016) ("An ALJ is only required to accept the VE's responses to hypothetical questions that accurately reflect a claimant's impairments."); Davis v. Astrue, No. 4:11-CV-3092-MGL-TER, 2012 WL 7176827, at *7 (D.S.C. Dec. 17, 2012), report and recommendation adopted, No. 4:11-CV-03092-DCN, 2013 WL 644261 (D.S.C. Feb. 21, 2013) ("[T]he hypothetical posed to the VE need only reflect those impairments supported by the record."). Plaintiff's argument here presumes that the ALJ's RFC analysis was incorrect in order to contend that the ALJ posed a hypothetical that did not accurately reflect to limitations to the VE. However, Plaintiff does not proffer a reason why the RFC determination that Plaintiff could work at the light level was not correct. The Court will not accept Plaintiff's invitation to disturb the ALJ's hypotheticals and, by proxy, the RFC conclusion where the determination otherwise is supported by substantial evidence. Fargnoli, 247 F.3d at 38.

Plaintiff's argument that the ALJ should have considered the Medical Vocational Guideline 201.14 under the Sedentary Grid Guidelines is similarly a disguised attack on the ALJ's RFC determination that Plaintiff could perform work at the light level. Guideline 201.14 only applies to claimants limited to sedentary work. See Henry v. Barnhart, 127 F. App'x 605, 606–07 (3d Cir. 2005) (discussing Guideline 201.14 in the context of a claimant with an RFC at the sedentary level); McGraw v. Comm'r

12

of Soc. Sec., No. CIV. 13-4774 NLH, 2014 WL 4828149, at *4 (D.N.J. Sept. 29, 2014), aff'd sub nom. McGraw v. Comm'r Soc. Sec., 609 F. App'x 113 (3d Cir. 2015) (implicitly acknowledging in the context of a claimant with an RFC at the medium level that Guideline 201.14 only applied to sedentary work).  However, this Court's review of the ALJ's extensive and comprehensive RFC analysis which referenced the medical evidence in the record and explained her conclusions reveals no basis to second guess the determination that Plaintiff had an RFC at the light level. Fargnoli, 247 F.3d at 38.  The Court finds no error on this basis.

Finally, Plaintiff presents an argument that the ALJ failed to accord due weight to her testimony.  (ECF 11 at 9).  Notably, Plaintiff only raised this argument in a section heading and not in a substantive argument section.  Passing references to arguments are not enough to bring them before this Court. Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp., 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in its opening brief, and for those purposes a passing reference to an issue will not suffice to bring that issue before this court.") (internal alterations and quotation marks omitted); New Jersey Dep't of Env't Prot. v. E.I. du Pont de Nemours & Co., No. CV 19-14758, 2022 WL 3703204, at *3 (D.N.J. Aug. 26, 2022) (same).  In any case, on the face

13

of the ALJ's opinion, there is an entire paragraph dedicated to a discussion of Plaintiff's testimony, followed by pages of analysis that weave that testimony into an analysis of other medical evidence in the record. (R. at 17-22). Plaintiff does not present an argument warranting remand on that basis.

### III. Conclusion

For the reasons expressed above, the decision of the ALJ was supported by substantial evidence and must be affirmed.

An accompanying Order will be issued.


Date: September 19, 2022             s/  Noel L. Hillman
At Camden, New Jersey               NOEL L. HILLMAN, U.S.D.J.